Honorable Thomas S. Zilly

1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

6
7

| | |
|---|---|
| I.T. PRODUCTIONS, LLC, | Civil Action No. 16-cv-1775TSZ |
| Plaintiff, | RESPONSE TO ORDER TO SHOW CAUSE |
| v. | |
| JOHN SEARLE, an individual;<br>WILLIAM STITT, an individual;<br>KENNETH CHRISTIAN, an individual,<br>ANDREW HOWARD, an individual;<br>THO SAM, an individual;<br>RYAN CARUSO, an individual;<br>DONA FRISTOE, an individual;<br>KENT BROWNING, an individual; and<br>SCOTT GIFFORD, an individual, | NOTE ON MOTION CALENDAR:<br>June 13, 2017 |
| Defendants. | |

8
9
10
11
12
13
14
15
16
17

Plaintiff respectfully responds herewith to the Court's Order to Show Cause (Dkt. 62). The

motion is supported by the accompanying Declaration of David A. Lowe.

**A.    MILITARY SERVICE OF SCOTT GIFFORD, THO SAM AND WILLIAM STITT**

This Court ordered that Plaintiff must file an affidavit in compliance with

50 U.S.C. § 3931(b)(1), which provides as follows:

(b) Affidavit requirement

(1) Plaintiff to file affidavit. In any action or proceeding covered by this
section, the court, before entering judgment for the plaintiff, shall require
the plaintiff to file with the court an affidavit—

(A) stating whether or not the defendant is in military service and
showing necessary facts to support the affidavit; or

18
19
20
21
22
23
24
25
26

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

Here, William Stitt (Doe 5), Tho Sam (Doe 9) and Scott Gifford (Doe 20) are all in default. Attached to Plaintiff's counsel's declaration are search results from the Department of Defense Manpower Data Center. (See Lowe Declaration Ex. A) As shown therein, none of these individuals have been on active military duty. Thus, Plaintiff respectfully submits that it is in compliance with 50 U.S.C. § 3931(b)(1).

**B.    PROOF OF SERVICE HAS BEEN CORRECTED**

As shown in Dkt. 63, process server Eli Adamson personally served defendant Dona Fristoe on April 1, 2017. The earlier proof of service contained an inadvertent typographical error and has since been corrected. Plaintiff has since moved again for entry of default. (Dkt. 64) Plaintiff has also confirmed that Ms. Fristoe has not been on active military duty. (Lowe Ex. A)

**C.    ANDREW HOWARD IS SUBJECT TO A PENDING MOTION FOR DEFAULT**

As defendant Andrew Howard has failed to appear or otherwise plead, Plaintiff filed its motion for an entry of default on June 2, 2017 in compliance with the Court's Order. (See Dkt. 67) Plaintiff has also confirmed that Mr. Howard has not been on active military duty. (Lowe Ex. A)

**D.    SERVICE OF PROCESS ON A CO-RESIDENT IS PROPER**

In this Court's Order, it ruled that "plaintiff has complied with the technical requirements for service of process…" with respect to Defendants Kent Browning, Ryan Caruso, Kenneth Christian and John Searle. (Dkt. 62.) However, the Court also stated that it would not enter default, or default judgment absent ***additional*** showings that (1) these defendants actually received the summons; ***and*** (2) "that they themselves engaged in the copyright infringement at issue." Respectfully, neither of these showings are required under the law.

Under Rule 4(e) of the FEDERAL RULES OF CIVIL PROCEDURE, an individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or […] leaving

MOTION FOR ENTRY OF DEFAULT - 2

Civil Action No. 16-cv-1775RSL

INIP-6-0060P18 RESPORDSC

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Here, Defendants Kent Browning, Ryan Caruso, Kenneth Christian and John Searle were all properly served under this rule:

- Process server Ken Hughes effected service upon Kent Browning through his co-resident Matt Lloyd (observed age 40) on April 10, 2017 and swore under penalty of perjury regarding the same. (Dkt. 34)

- Process server Eric Jansen effected service upon Ryan Caruso through his co-resident Amy Hardie (observed age 30+) on March 30, 2017 and swore under penalty of perjury regarding the same. (Dkt. 31)

- Process server Bruce Munro effected service upon Kenneth Christian through his co-resident Ryan Matsoff (observed age 30+) on March 31, 2017 and swore under penalty of perjury regarding the same. (Dkt. 27)

- Process server Bruce Schmidt effected service upon John Searle through his co-resident Unity Searle (observed age 16) on March 31, 2017 and swore under penalty of perjury regarding the same. (Dkt. 27)

All co-residents were "of suitable age" and were apparently competent to receive such summonses. *Miebach v. Colasurdo*, 35 Wn. App. 803, 808 (1983) (holding that a 15-year-old daughter was of suitable age to accept service). The Court remarked that none of the co-residents *appeared* to be family members of the defendants, but this is not a requirement of Rule 4. *See e.g. United States v. Rose,* 437 F. Supp. 2d 1166, 1172–1173 (S.D. Cal. 2006) (service on unrelated adult resident held valid).[1] Finally, as set forth in each proof of service, in additional to leaving the summons and complaint on a resident of suitable age, a copy was also mailed to each Defendant. Indeed, the Court has in other cases where personal service has been unsuccessful granted leave for alternative service by mail, which is what done in this case in addition to leaving a copy with a person of suitable age. *See, e.g., Cook Prod. v. Does*, 16-cv-1884 (Dkt. 40).

---

[1] Plaintiff notes that, while not dispositive for the reasons outlined, the individual served at the residence of John Searle identified herself as Unity Searle, a person with the same last name, which suggests a family relationship with Defendant.

MOTION FOR ENTRY OF DEFAULT - 3

Civil Action No. 16-cv-1775RSL

INIP-6-0060P18 RESPORDSC

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

To impose an additional requirement of personal, in-hand service would be in direct contravention of Rule 4, and would limit Plaintiff's access to the courts. Plaintiff is aware of no authority that states that Rule 4 somehow applies differently to copyright matters versus other civil matters. Rather, it is well-settled that "[a] signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by **strong and convincing evidence**." *S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1163* (9th Cir. 2007) (citation omitted) (emphasis added). Further still, "[w]here a plaintiff has filed a signed return of service, courts regularly find that a self-serving declaration that a person was not served is insufficient to overcome this prima facie evidence of valid service." *Craigslist, Inc. v. Hubert,* 278 F.R.D. 510, 513 (N.D. Cal. 2011) (ruling Rule 4(e) service valid, entering default, granting default judgment, and denying motion to set aside default judgment against copyright infringer).

The Court in *Microsoft v. Lopez* expressly held that Rule 4(e) applies in full force in copyright piracy cases, and relied solely on the affidavit of service submitted in that matter. *Microsoft Corp. v. Lopez*, Case No. C08-1743-JCC, 2009 U.S. Dist. LEXIS 36064, at *3 (W.D. Wash. Apr. 7, 2009). Like Defendants here, the defendant in *Microsoft* was also distributing pirated content, was served under Rule 4(e), and had failed to appear or otherwise participate in the lawsuit. *Id.* This Court ruled the allegations in Microsoft's complaint as true against a defaulting party, granted Microsoft's motion for an order of default, and ultimately awarded Microsoft a default judgment in the amount of $30,000. *Id* at *13.

While Plaintiff submits that nothing further is required under service rules, in this case Plaintiff has gone to the further step of confirming where possible via use of an investigative database that Defendants Kent Browning, Ryan Caruso, Kenneth Christian and John Searle—each served by leaving a copy of the summons and complaint with a resident of suitable age **and** mailing a copy to their residence—are associated with the address of record for each Defendant. (Lowe Dec. ¶ 4)

MOTION FOR ENTRY OF DEFAULT - 4
Civil Action No. 16-cv-1775RSL
INIP-6-0060P18 RESPORDSC

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiff respectfully submits that the service rules in this a similar copyright cases should be treated no differently that other cases, else rights holders and content creators would be severely hindered in protecting their rights.

**E.    REMAINING DEFENDANTS**

Both Phillip Abatayo and Theresa Nelson has settled or were in the midst of settlement negotiations at the time of the Court's Order, and have both now settled. A dismissal of Mr. Abatayo was filed June 13, 2017 (Dkt. 69) and a dismissal of Ms. Nelson was filed June 6, 2017 (Dkt. 68).

## CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that the Court authorize entry of default against Dona Fristoe, Kent Browning, Ryan Caruso, Kenneth Christian and John Searle.

RESPECTFULLY SUBMITTED on June 13, 2017.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff